IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SARENA F.**[1], <br><br>        Plaintiff, <br><br>    v. <br><br>**MARTIN O'MALLEY**, Commissioner of Social Security, <br><br>        Defendant. | Case No. 6:23-cv-545-SI <br><br> **OPINION AND ORDER** |

Mark A. Manning, WELLS, MANNING, EITENMILLER, & TAYLOR, P.C., 474 Willamette St., Eugene, OR 97401. Of Attorneys for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Executive Assistant United Staties Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Noah Schabacker, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Sarena F. ("Plaintiff") seeks judicial review of the final decision by the Social

Security Commissioner ("Commissioner") denying Plaintiff's application for Disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

Insurance Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). For the reasons discussed below, the Court reverses the decision of the Commissioner and remands for further proceedings.

## STANDARD OF REVIEW

The decision of the administrative law judge ("ALJ") is the final decision of the Commissioner in this case. The district court must affirm the ALJ's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the ALJ. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). A reviewing court, however, may not affirm the ALJ on a ground upon which the ALJ did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225-26.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff filed for disability on August 5, 2020, alleging a disability onset date of February 1, 2020. AR 52. Plaintiff has a high school education and past relevant work as a security guard and cashier. AR 19. Plaintiff was born on August 17, 1977, and was 42 years old at the time of her application for benefits. AR 51.

The agency denied Plaintiff's claims initially and upon reconsideration. AR 62, 73, 88, 103. Plaintiff then requested a hearing before an ALJ, which was held telephonically on October 26, 2021. AR 26. On November 5, 2021, the ALJ issued an unfavorable decision finding Plaintiff not disabled. AR 13-21. Plaintiff requested review of the ALJ's opinion by the Appeals Council. AR 198-99. The Appeals Council denied review, AR 1, making the ALJ's opinion the final agency decision. Plaintiff now seeks review of the ALJ's final decision.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are:

> (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25. Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the analysis continues beyond step three, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC").

The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *See Tackett*, 180 F.3d at 1099; *Bustamante*, 262 F.3d at 954.

## C.  The ALJ's Decision

As an initial matter for Plaintiff's DIB claim, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2021. AR 15. At step one of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 1, 2020. *Id.* At step two, the ALJ found that Plaintiff had the severe, medically determinable impairments of diabetes mellitus, type II, insulin dependent and peripheral neuropathy. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16.

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following additional limitations: "[She] can frequently crawl. [She] can never climb ladders, ropes, or scaffolds. [She] can frequently handle and feel with the bilateral upper extremities. [She] must be permitted to sit or stand at will while remaining on task and without leaving the workstation." AR 16. At step four, the ALJ concluded that Plaintiff could not perform past relevant work as security guard or cashier. AR 17.

At step five, the ALJ determined that, given the Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff can perform, including Small Products Assembler, Hand Finisher, and Electronics Worker. AR 20. The ALJ thus concluded that Plaintiff was not disabled. AR 21.

## DISCUSSION

Plaintiff argues that the ALJ erred by (A) failing to provide clear and convincing reasons to reject Plaintiff's testimony; and (B) failing to properly address the medical opinion of Plaintiff's treating provider, Kriti Choudhary, M.D.

### A. Subjective Symptom Testimony

#### 1. Standards

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25, 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must

---

[2] Effective March 28, 2016, Social Security Ruling ("SSR") 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because case law references the term "credibility," it may be used in this Opinion and Order.

determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Consideration of subjective symptom testimony "is not an examination of an individual's character," and requires the ALJ to consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p, 2017 WL 5180304, at *2. The Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner

further recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *7-8.

The ALJ's decision relating to a claimant's subjective testimony may be upheld overall even if not all the ALJ's reasons for discounting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, discount testimony "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

### 2. Plaintiff's Testimony

Plaintiff reported that she could not work on a regular, full-time basis because of her diabetes, which has led to problems in both her upper and lower extremities. AR 35-38. She testified that she experiences constant pain and swelling in her lower extremities, mostly in her feet, that rises to her knees. AR 36. The pain and swelling leads to numbness which prevents her from standing and walking for more than 10-15 minutes at a time. *Id.* She also stated that she elevates her legs whenever she sits down, as per her doctor's orders, adding up to several hours a day. AR 37. As for her upper extremities, Plaintiff testified that her hands swell up to her elbows, she cannot make a tight fist, and she experiences pain. *Id.* She explained that her grip has

weakened, she experiences numbness in her fingers, and her right hand is worse than her left. AR 38. When asked about her hobbies and chores, she stated that her household work is more difficult, that she used to go hiking and ride horses, and that she reads quite a bit. AR 39-40.

Additionally, Plaintiff's function reports note that she takes gabapentin for her pain, that she has neuropathy in her lower extremities, and that she does household chores such as laundry, cooking meals, and cleaning her floors as she is able. AR 263-64. She also does not need help taking care of personal hygiene. AR 265. She can drive and grocery shop without assistance and did not note any side effects from her medication. AR 265-66, 269.

### 3. ALJ's Analysis

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 17. The ALJ then provided a summary of Plaintiff's medical history. Plaintiff argues that the ALJ failed to provide specific, clear and convincing reasons for discounting her testimony.

An ALJ must specifically identify what evidence contradicted what testimony. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (stating that an ALJ may not vaguely conclude that "a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion" (quoting *Vasquez*, 572 F.3d at 592). A court "cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [a clamaint's] pain testimony where . . . the ALJ never identified *which* testimony she found not credible, and never explained *which* evidence contradicted that testimony." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir.

2020) (emphases in original) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)).

"[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination" but must "specify which testimony she finds not credible." *Brown-Hunter*, 806 F.3d at 489. Reaching a conclusion about the plaintiff's testimony and summarizing the medical evidence does not suffice to meet the ALJ's burden, even if a district court can reasonably draw inferences regarding inconsistencies from that summary of medical evidence. *Id.* at 494. This is because a court may only affirm based on reasons asserted by the ALJ, and the district court may not "comb the administrative record to find specific conflicts." *Id.* (quoting *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014)); *Treichler*, 775 F.3d at 1103 (rejecting the argument that because the ALJ "set out his RFC and summarized the evidence supporting his determination" the court could infer "that the ALJ rejected [petitioner's] testimony to the extent it conflicted with that medical evidence"). Instead, the ALJ must "identify the testimony she found not credible" and "link that testimony to the particular parts of the record supporting her non-credibility determination." *Brown-Hunter*, 806 F.3d at 494. Failure to do so is legal error. *Id.*

The ALJ offered the boilerplate statement that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 17. The ALJ then provided a summary of Plaintiff's medical records. AR 17-18. The ALJ, however, did not link any of the medical records to Plaintiff's testimony, or explain how any of those records were inconsistent. Not only did the ALJ fail to link the evidence to Plaintiff's

testimony, but the ALJ also failed to provide any reasoning for his finding. Simply put, "providing a summary of medical evidence is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Lambert*, 980 F.3d at 1278 (cleaned up) (emphasis in original).

The Commissioner argues that the ALJ did not err, but does so by linking evidence to testimony, relying on evidence the ALJ did not, and providing clear reasoning the ALJ did not. Therefore, the Commissioner's argument amounts to nothing more than *post hoc* explanations this Court must disregard. *See Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). As the Ninth Circuit has explained, a district court may not "shore up" an ALJ's analysis by comparing specific aspects of the record that contradict portions of a claimant's testimony. *Lambert*, 980 F.3d at 1278. Even if a district court can identify inconsistencies that "could be reasonable inferences drawn from the ALJ's summary of the evidence, the credibility determination is exclusively the ALJ's to make, and [courts] are constrained to review the reasons the ALJ asserts." *Id.* (quotation marks omitted). The ALJ failed to provide specific, clear and convincing reasons to support their discounting of Plaintiff's subjective symptom testimony.

## B.  Medical Opinion

### 1.  Standards

Plaintiff also alleges that the ALJ improperly discounted a portion of the medical opinion provided by Kriti Choudhary, M.D., Plaintiff's treating medical provider. Specifically, she argues that the ALJ's reasoning for rejecting Dr. Choudhary's assessment that Plaintiff would need unscheduled breaks throughout the day was not supported by substantial evidence.

PAGE 10 – OPINION AND ORDER

For claims filed on or after March 27, 2017, Federal Regulations 20 C.F.R. §§ 404.1520c and 416.920c govern how an ALJ must evaluate medical opinion evidence. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan. 18, 2017). Under these new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). These regulations eliminate the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the revised regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support his or her opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking to factors such as the length of the treatment relationship, the frequency of the claimant's examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and whether there is an examining relationship. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3). An ALJ is not, however, required to explain how he or she considered these secondary medical factors, unless he or she finds that two or more medical opinions about the same issue are equally

well-supported and consistent with the record but not identical. 20 C.F.R. §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3).

The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *see also Woods*, 32 F.4th at 792 ("Our requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion, which stems from the special weight given to such opinions is likewise incompatible with the revised regulations. . . . Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." (citation omitted)).

**2. Analysis**

Dr. Choudhary served as Plaintiff's medical provider since February 2020, and provided a medical opinion on Plaintiff's behalf on February 25, 2021. AR 738-42. Dr. Choudhary opined that Plaintiff suffers from diabetes mellitus type II and peripheral neuropathy, her peripheral neuropathy is well controlled, and that she does not need to rest or lie down periodically throughout the day. AR 738-39. Dr. Choudhary further opined that Plaintiff can sit for 60 minutes at one time and stand and walk for 15 minutes at one time, as well as sit for eight hours in an eight-hour workday and stand and walk for one hour. AR 740. He also noted that Plaintiff would need to be able to alternate between sitting and standing at will. *Id.* Dr. Choudhary stated that Plaintiff would need two or three unscheduled breaks during an eight-hour workday and could never lift 20 or 50 pounds but could occasionally lift 10 pounds or less. AR 741. He also

believed that Plaintiff had no limitations in reaching, handling, or fingering, that she did not need to elevate her legs, and that she would never miss work. AR 741-42.

The ALJ found Dr. Choudhary's opinion unpersuasive as it related to Plaintiff's ability to lift more than 10 pounds, the restriction limiting her to only standing and walking for one hour in an eight-hour workday, the assessment noting Plaintiff would need unscheduled breaks throughout the day, and the lack of restriction on her ability to handle and feel. AR 18-19. The ALJ noted that these opinions by Dr. Choudhary were inconsistent with his own medical records and that Dr. Choudhary failed to explain why Plaintiff would need unscheduled breaks. Plaintiff argues only that the ALJ's rejection of Dr. Choudhary's requirement that Plaintiff would need unscheduled breaks was unsupported by substantial evidence. Plaintiff's argument, however, is unavailing.

Dr. Choudhary's medical opinion conflicted, both internally, and with his other medical records. For example, in his medical opinion he noted that Plaintiff would not need to lie down or rest periodically throughout an eight-hour workday, but then noted that Plaintiff would need unscheduled breaks throughout the day, presumably to rest. AR 739, 741. It is unclear whether the rest would be due to pain or swelling and numbness, or both. This opinion requiring unscheduled breaks daily also conflicts with a note in his medical records stating that Plaintiff's pain is well controlled. AR 559. Additionally, eleven days before Dr. Choudhary provided his medical opinion, medical records indicate he advised Plaintiff to continue elevating her legs, modifying her activities, and wearing compression socks. AR 560. In his medical opinion, however, he noted Plaintiff would not need to elevate her legs during an eight-hour workday. AR 741. Given these inconsistencies, the ALJ did not err in rejecting Dr. Choudhary's opinion regarding unscheduled work breaks.

PAGE 13 – OPINION AND ORDER

**C. Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanri*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler*, 775 F.3d at 1099-1100. The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The district court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and may decline to remand for benefits when "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

The first element of the credit-as-true analysis is satisfied. The ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's symptom testimony.

The second factor, whether the record is fully developed and free from conflicts or ambiguities in the record, is not satisfied. There are conflicting medical records, medical records that conflict with Plaintiff's testimony, evidence of improvement with treatment that conflicts with Plaintiff's testimony, ambiguities regarding Plaintiff's lack of treatment, evidence relating to Plaintiff's increase in physical activities, and other evidence showing that the record is not free from conflicts and ambiguities.

Because the second factor is unsatisfied, the analysis must stop. Considering the credit-as-true factors are unsatisfied, and because there are conflicts and ambiguities that must be resolved by the ALJ, this case is remanded for further proceedings. On remand, the ALJ shall reevaluate Plaintiff's subjective symptom testimony and either identify specific, clear and convincing reasons as to why her testimony was discounted or accept it. The ALJ must also, if necessary, reformulate the RFC and seek further vocational expert testimony.

## CONCLUSION

The Court REVERSES the Commissioner's decision that Plaintiff was not disabled and REMANDS for further proceedings.

**IT IS SO ORDERED**.

DATED this 14th day of November, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge