IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SARENA E. FARMER**, | Case No. 6:23-cv-545-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **COMMISSIONER OF SOCIAL SECURITY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On November 14, 2024, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. ECF 20, 21. Before the Court is Plaintiff's application for $20,502.58 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 22. Defendant opposes the fee request, arguing that the requested fees are unreasonable. For the reasons discussed below, the Court grants Plaintiff's motion in part and awards EAJA fees in the amount of $18,452,32.

EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although EAJA creates a presumption that

fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Under EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under EAJA to determine the reasonableness of fees as it does under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (fees requested under EAJA must be reasonable); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). In litigating fee applications, the plaintiff bears the burden of "documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked," and the government, in opposing the fee application, "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). In determining the number of hours reasonably spent, "the district court should exclude hours 'that

are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (quoting *Hensley*, 461 U.S. at 433)). In making this calculation, the district court should take into consideration "case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record, and when counsel was retained." *Id.* at 1136. The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Id.* at 1136-37. A district court may, however, "impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Id.* at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).

Defendant argues that Plaintiff's request for $20,502.58 in EAJA fees based on 81.5 hours of attorney time is unreasonable because the issues in this case were straightforward, the record was not large enough to warrant the time requested, the briefs recycled arguments Plaintiff's counsel made in other briefs, Plaintiff only prevailed on one of the two arguments raised and the merits of the two arguments overlapped, the reply brief took more time than the opening brief despite being narrower in scope and having the benefit of Plaintiff's counsel's

earlier knowledge, counsel has represented Plaintiff in administrative and court proceedings and so should have needed less time on the case, counsel is experienced and specializes in social security cases and so should need to spend less time on these types of cases, and the time requested is well over the average of 20-40 hours for a social security case.

Plaintiff responds that reducing hours based on an average is impermissible and the Court must look at factors specific to this case, giving deference to Plaintiff's counsel's judgment. Plaintiff also argues that Defendant fails to provide any evidence supporting a reduction in time, relying instead on general arguments. Plaintiff asserts that the time spent on the opening brief was reasonable given the arguments presented, detailing some of the specific arguments raised and their necessity. Plaintiff also explains that much of the reply brief involved responding to Defendant's impermissible *post hoc* reasoning. Plaintiff further argues that the size of the record supports the hours spent, citing this Court's decision *Myers v. Saul*, 2020 WL 4059707, at *2 (D. Or. July 20, 2020) (rejecting argument that the case raised only routine arguments, noting that it involved "detailed factual challenges and a 718-page record that included a 422-page medical record," in evaluating attorney fee request for 72.5 hours). Finally, Plaintiff points to the Ninth Circuit's opinion in *Nerio Mejia v. O'Malley*, 120 F.4th 1360 (9th Cir. 2024). *Nerio Mejia* explains that a plaintiff challenging a denial of social security benefits brings a single claim for reversal of that administrative decision, on alternative theories, and a court must perform the two step analysis from *Ibrahim v. United States Department of Homeland Security*, 912 F.3d 1147, 1172 (9th Cir. 2019) (en banc), to determine whether a reduction in fees are warranted for limited success. *Mejia*, 120 F.4th at 1366-67. Plaintiff argues that no reduction in fees is warranted here.

In considering Defendant's objections, the Court notes that in a social security case, "lawyers are not likely to spend unnecessary time on contingency fee cases" due to the uncertainty of payment, and thus "courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa*, 690 F.3d at 1135 (quotation marks omitted). The Court rejects Defendant's reliance on a general average of hours, and instead considers the hours expended in this case and the underlying facts.

The Court finds unpersuasive Defendant's objection that because counsel represented Plaintiff during the administrative process it should have taken less time to litigate this district court appeal. There is a significant delay between administrative proceedings and federal court proceedings and there are different legal standards and arguments. *See Myers*, 2020 WL 4059707, at *8; *Rayborn v. Comm'r, Soc. Sec. Admin.*, 2017 WL 626359, at *3 (D. Or. Feb. 15, 2017). The Court has reviewed the relevant time entries and does not find them unreasonable.

The Court also rejects Defendant's objection that counsel was experienced and thus should have taken less time. Counsel's significant experience weighs on the side of accepting counsel's representation that this particular case took as long as counsel attests.

The Court next addresses Defendant's argument that Plaintiff was only partially successful because Plaintiff did not win on every argument raised or did not obtain a remand for benefits. As instructed by the Ninth Circuit in *Nerio Mejia*, the remand for further proceedings versus benefits does not matter for purposes of the fee award. 120 F.4th at 1368. Regarding Plaintiff's partial success in her subjective testimony ground and not her medical evidence ground, the Court performs the two-step inquiry under *Ibrahim*. The first step is answered by *Nerio Mejia*—Plaintiff did not raise multiple claims, but a single claim. *Id.* at 1367. Under the

second step, the Court considers whether all the hours were reasonably expended. Here, the Court has some concern regarding the total hours expended. This ties to another objection by Defendant—the issues were not complex. Plaintiff succeeded solely on the argument that the ALJ did not provide "specificity" in the analysis of Plaintiff's subjective testimony, which is a limited success on a simple issue to articulate. The other issues briefed, on which Plaintiff did not succeed, also were not particularly complex. Thus, the Court thus takes a 10 percent "haircut" from the requested fees.

The Court GRANTS IN PART Plaintiff's Application for Fees (ECF 22). Plaintiff is awarded $18,452,32 for attorney's fees pursuant to 28 U.S.C. § 2412(d). Payment of this award shall be made via check payable to Plaintiff and mailed to Plaintiff's attorney Mark Wells at HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette Street, Eugene, OR 97401. Pursuant to *Astrue v. Ratliff*, the award shall be made payable to Plaintiff's attorneys, WELLS, MANNING, EITENMILLER & TAYLOR P.C., if the Commissioner confirms that Plaintiff owes no debt to the Government through the Federal Treasury Offset program. If Plaintiff has such debt, the check for any remaining funds after offset shall be made out to Plaintiff and mailed to counsel's office at the address provided above. There are no costs or expenses to be paid herein.

**IT IS SO ORDERED.**

DATED this 2nd day of June, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge